# THE MARKS LAW FIRM, P.C.

December 17, 2021

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York

**Re:** *AMCM Glove LLC v. iConn, Inc.*
Case No. 1:21-cv-06863-KAM-JRC

Dear Judge Matsumoto,

The undersigned represents the Defendant iConn, Inc. ("Defendant") in the above-referenced matter regarding an alleged breach by Defendant of a contract with Plaintiff AMCM Glove LLC ("Plaintiff") to purchase certain gloves. Pursuant to Section III(B)(1) of Your Honor's Chambers Practices, Defendant hereby provides notice that Defendant intends to file a Motion to Dismiss Plaintiff's Complaint against Defendant and Defendant also requests the setting of a pre-motion conference regarding the same. Defendant intends to file its Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) due to the following: (1) this Honorable Court lacks personal jurisdiction because Defendant is not subject to jurisdiction in New York; (2) Plaintiff has failed to state a claim upon which relief may be granted; (3) the Eastern District of New York is an improper venue; and (4) *forum non conveniens* principles apply because litigating this dispute in New York would be inconvenient, expensive, and unfair under the circumstances.

Plaintiff's Complaint is only two (2) pages long and extremely threadbare. The Complaint alleges one (1) cause of action against Defendant for Breach of Contract. Plaintiff claims that Plaintiff entered into a "commercial relationship" with Defendant pursuant to which Defendant "purchased 1,000,000 boxes of nitrile gloves from [Plaintiff] in exchange for $11,500,000.00, pursuant to a purchase order bearing PO#29220 and dated April 9, 2021". However, Plaintiff fails to allege that Defendant and Plaintiff ever entered into a contract. Plaintiff does not allege that Plaintiff fulfilled the requirements of any contract. Additionally, Plaintiff alleges that Defendant did not complete a proposed purchase of gloves, but does not allege that such an action was a breach of the terms of any contract. Moreover, Plaintiff claims that it has been damaged in the amount of Six Million Eight Hundred Eight Thousand Five Hundred Dollars ($6,808,500.00), but fails to provide any facts explaining why any actions or omissions of Defendant caused it to suffer damages. Therefore, these extremely minimal allegations will be insufficient to support a cause of action for Breach of Contract.

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.

Regardless of Plaintiff's claim that New York is an appropriate forum for this dispute, Plaintiff is unable to demonstrate that this Court has personal jurisdiction over the Defendant. A case may be dismissed if the Court does not have personal jurisdiction over the defendants. *See* Fed. R. Civ. Pro. 12(b)(2). Under New York's Civil Practice Law and Rules section 302, a New

54 West 40th St, Suite 1131, New York, New York 10018
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

## THE MARKS LAW FIRM, P.C.

York court may only assert jurisdiction over foreign defendants that: (1) transact business *within the state* or contracts anywhere to *provide goods or services in the state*; (2) commits tortious acts in the state; (3) commits a tortious act outside of the state causing injury to a person in the state, *and* conducts business in the state or reasonably expects the actions to have consequences in the state; and (4) owns, uses, or possesses property in the state. *See* NY CLS CPLR § 302(a) (emphasis added). Defendant does not transacts business in New York or provides goods or services in New York. Defendant did not commit any tortious action in New York. Moreover, Defendant did not commit any tortious acts outside of New York which it would expect to have consequences in New York. Defendant also does not own property in New York.

Additionally, exercising personal jurisdiction over Defendant would violate the Due Process Clause of the Constitution because Defendant is not "at home" in New York and does not have the "minimum contacts" that would make it foreseeable for Defendant to litigate in New York. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Defendant is headquartered in California and formed in Nevada, and therefore would only be considered "at home" in California and Nevada. Further, Defendant does not have continuous and systematic contacts with New York which would purposefully avail itself to the jurisdiction. All of Defendant's business is done in California and Nevada, and the only "contacts" Defendant maintains outside of those states is through advertising. To subject Defendant to jurisdiction in the Eastern District of New York would deny it Due Process.

## II.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED BECAUSE THE EASTERN DISTRICT OF    NEW YORK IS AN IMPROPER VENUE.

Federal Rules of Civil Procedure Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." Further, dismissal of a case is proper if the lawsuit is filed in the "wrong" court. *See* 28 U.S.C. § 1406(a). Venue is proper in three situations: (1) in the judicial district where any defendant resides if all defendants are residents of the state, (2) a judicial district in which a substantial part of the events or omissions occurred, or (3) any judicial district in which any *defendant* is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b) (emphasis added). When a party challenges venue, the Court must determine whether the situation falls into one of the three categories, but "if it does not, venue is improper, and the case must be dismissed or transferred under §1406(a)." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55-56 (2013). Venue is improper in the Eastern District of New York. First, Defendant does not reside in the Eastern District of New York (or anywhere in New York). Second, based upon the allegations in Plaintiff's Complaint, none of the events or omissions occurred in New York. Third, Defendant is not subject to the Court's personal jurisdiction because it is a resident of a foreign state, there are no allegations demonstrating that Defendant is "at home" or has sufficient "minimum contacts" with New York to allow a court to exercise personal jurisdiction, and Defendant would not expect to be "haled" into the Eastern District of New York. As a result, venue is improper and the Plaintiff's Complaint should be dismissed.

## III.    *FORUM NON CONVENIENS* WARRANTS DISMISSAL OF PLAINTIFF'S CLAIMS.

The doctrine of *forum non conveniens* is based on the principle that "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general

54 West 40th St, Suite 1131, New York, New York 10018
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

## THE MARKS LAW FIRM, P.C.

venue statute." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2nd Cir. 2005). The Second Circuit has crafted a three-step inquiry for its district courts to follow: (1) first, a court determines the degree of deference that should be accorded to the plaintiff's choice of forum; (2) second, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute; and (3) third, the court balances the private and public interests implicated in the choice of forum. *Id.* at 153. It seems that the only reason Plaintiff has chosen this as the forum is because Plaintiff is located in this forum, and therefore, little weight should be given to Plaintiff's choice. California would be an appropriate alternative forum for the present litigation, as that is where Defendant is located and the alleged wrongdoing occurred. Additionally, the private interest factors weigh in favor of having this dispute dismissed on the grounds of *forum non conveniens* as the relevant witnesses, documents, property, and other critical information are located in California. Likewise, the public interest factors weigh in favor of adjudicating this dispute in an alternative forum as the Eastern District of New York will be burdened with a case that has no connection to New York other than the fact that Plaintiff is located there.

### III.   PLAINTIFF'S COMPLAINT FAILS TO ASSERT CLAIMS AGAINST DEFENDANT UPON WHICH RELIEF MAY BE GRANTED.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "'The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach.'" *Kramer v. N.Y. City Bd. of Educ.*, 715 F. Supp. 2d 335, 356 (E.D.N.Y. 2010) (*quoting RCN Telecom Servs., Inc. v. 202 Centre Street Realty LLC*, 156 Fed. App'x 349, 350-51 (2nd Cir. 2005)). As discussed above, Plaintiff has failed to sufficiently allege any of these elements. The most glaring problem is that Plaintiff has failed to allege that any contract was entered into and does not attach the Purchase Order in question to its Complaint. Accordingly, Plaintiff's Complaint should be dismissed because Plaintiff has no cognizable claims against Defendant.

Accordingly, Defendant's Motion to Dismiss should be granted for the reasons discussed above. Additionally, in the event You Honor does not grant the Motion, Defendant requests that it be given fourteen (14) days to respond to Plaintiff's Complaint. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/Bradly Marks*

Bradly Marks

cc: all counsel via ECF

54 West 40th St, Suite 1131, New York, New York 10018
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

## THE MARKS LAW FIRM, P.C.

### PROPOSED BRIEFING SCHEDULE

Pursuant to Section III(B)(1) of Judge Matsumoto's Chambers Practices, Defendant proposes the following briefing schedule for Defendant's Motion to Dismiss:

Defendant to Serve Motion to Dismiss on Plaintiff:   January 17, 2022

Plaintiff to Serve Opposition on Defendant:  January 31, 2022

Defendant to Serve Reply Brief on Plaintiff:  February 9, 2022

54 West 40th St, Suite 1131, New York, New York 10018
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com

# THE MARKS LAW FIRM, P.C.

### ATTORNEY AFFIRMATION OF SERVICE

STATE OF NEW YORK :
                             SS.:
COUNTY OF NEW YORK :

I, Bradly G. Marks, an attorney at law admitted to practice before this Court, affirms as follows:

On the 17th day of December 2021, I served the within letter requesting pre-motion conference regarding Defendant's Motion to Dismiss upon the following:

Peter C. Dee, Esq.
Tutle Yick, LLP
352 Seventh Avenue, 14th Fl
New York, NY 10001
*Counsel for AMCM GLOVE LLC*

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in - a post office – official depository under the exclusive care and custody of the United States post office department within the State of New York and by email to **pdee@tuttleyick.com**.

DATED:_____12/17/2021_____          _____
                                                                    Bradly G. Marks, Esq.

54 West 40th St, Suite 1131, New York, New York 10018
T: (646) 770 – 3775, F: (646) 867 – 2639, brad@markslawpc.com
www.markslawpc.com