

Peter C. Dee | t: 646.694.9637 | pdee@tuttleyick.com

December 22, 2021

<u>Via ECF</u>
Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>AMCM Glove LLC v. iConn, Inc.,
                Index 1:21-cv-06863 (KAM)(JRC)</u>

Dear Judge Matsumoto,

      The undersigned represents plaintiff AMCM Glove LLC in the referenced matter. We write pursuant to pursuant to Section III(B)(1) of Your Honor's Chambers Practices, in response to defendant iConn, Inc.'s letter regarding its anticipated motion to dismiss.

### I. The Court Has Personal Jurisdiction Over Defendant.

      A court may exercise specific jurisdiction pursuant to C.P.L.R. § 302(a)(1) over a non-domiciliary that transacts any business within the state or contracts anywhere to supply goods or services in the state if (1) the defendant transacted business within the state; and (2) the claim asserted arises from that business activity." *JDM Imp. Co. Inc. v. Shree Ramkrishna Exports Pvt., Ltd.*, No. 20-CV-8759 (VEC), 2021 WL 5450237, at *3 (S.D.N.Y. Nov. 19, 2021) (citations omitted). The plaintiff's cause of action must arise from the defendant's transaction of business in the state, which requires "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.*, citing *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998).

      "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities were purposeful and there is a substantial relationship between the transaction and the claim asserted". *Id.* at *4, quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010).

      Here, Defendants transacted with plaintiff, a New York company, for the purchase of nitrile gloves. The contract, the parties' Purchase Order, was silent as to place of delivery, which makes the place of delivery the plaintiff seller's place of business in Brooklyn, NY. *See* UCC Section 2–308, which states that "unless otherwise agreed, the place for delivery of goods is the seller's place of business." Therefore, defendant's entering into a contract for plaintiff to sell it a large volume of product for deliver in New York meets New York's test for specific

Tuttle Yick LLP  |  352 Seventh Avenue, 14th Floor  |  New York, NY 10001  |  646.833.0300  |  tuttleyick.com

jurisdiction under C.P.L.R. § 302(a)(1).  For the same reasons, venue is proper in the Easter District of New York.  28 U.S.C. § 1391(b).

### II.     This is a Convenient Forum

Defendant contends that California would be a ore appropriate forum for this litigation because defendant is there, as are relevant witnesses, documents and other "critical information." However, defendant fails to elaborate why New York, where plaintiff is located, with its witnesses, documents, and critical information, is a less convenient forum, particularly where deference should be given to plaintiff's chosen forum.  *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2nd Cir. 2005).  Public interest factors weigh in favor of adjudicating the this dispute in New York, where plaintiff suffered harm due to defendants breach of a contract which called for delivery of good in New York.  *Id.*

### III.    Plaintiff States a Cause of Action for Breach of Contract

Plaintiff's complaint alleges breach of a "Purchase Order", which is a contract. Complaint at ¶8.  Plaintiff did not have a chance to deliver the gloves, because defendant repudiated and breached the contract before plaintiff had a chance to perform by delivering the product.  Plaintiff was damaged thereby.   Plaintiff therefore states a cognizable claim for breach of contract.

We thank the Court for its courtesy and consideration.

Respectfully,

Peter Dee, Esq.

Cc:   All counsel via ECF.